Myles A. Conway, AKB #9211073
mconway@schwabe.com
Matthew Turetsky, *pro hac vice*
mturetsky@schwabe.com
Milton A. Reimers, *pro hac vice*
mreimers@schwabe.com
360 SW Bond Street, Ste. 400
Bend, OR  97702
Telephone:   (541) 749-4044
Facsimile:    (541) 330-1153

*Attorneys for Plaintiff
B/T Enterprises*

THE HONORABLE TIMOTHY M. BURGESS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT JUNEAU

| | |
|---|---|
| B/T ENTERPRISES, a Washington general partnership,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>HYAK MINING CORPORATION, an Alaskan corporation,<br><br>　　　　　　　Defendant. | NO.   1:11-cv-00007-TMB<br><br>AMENDED COMPLAINT: BREACH OF CONTRACT; DECLARATION OF RIGHTS; SPECIFIC PERFORMANCE |

Plaintiff B/T Enterprises alleges as follows:

### I.   **PARTIES**

1.1   Plaintiff B/T Enterprises is a Washington general partnership with its principal place of business in Seattle, Washington.

AMENDED COMPLAINT FOR DAMAGES
B/T Enterprises v Hyak Mining Corporation and E. Neil MacKinnon - 1
PDX/122737/178261/MRE/7753641.1

1.2     Defendant Hyak Mining Corporation is an Alaska corporation with its principal place of business in Juneau, Alaska.

## II. **VENUE AND JURISDICTION**

2.1     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the dispute is between residents of different states and the value of Plaintiff's claims exceed $75,000.

2.2     Venue is proper pursuant to 28 U.S.C. § 1391, because it is the place where Defendant does business, and because it is the place where the Settlement Agreement between the parties was entered into.

## III. **FACTUAL ALLEGATIONS**

3.1     On April 17, 1981, Plaintiff and Defendant entered into an Option Agreement for the exploration and development of certain mining claims in Juneau, Alaska.

3.2     On September 18, 1981, the parties superseded that Option Agreement with a Joint Venture Agreement detailing all of the rights and interests of the parties with regard to those mining claims and certain additional mining claims which had been located in the immediate area.

3.3     After the execution of the Joint Venture Agreement certain disputes arose between Plaintiff and Defendant.  Plaintiff filed suit against Defendant in U.S. District Court for the District of Alaska (Case No. J83-0023 CI).

3.4     On February 15, 1988, after protracted litigation, Plaintiff and Defendant entered into a Settlement Agreement.   Pursuant to the Settlement Agreement, Plaintiff assigned its interest in the mining claims to Defendant.

3.5     In consideration for assigning its interest in the mining claims, Defendant agreed to pay Plaintiff certain percentages of the net profits derived from its ownership of the mining

claims. After the commencement of commercial production on the mining claims, Defendant agreed to pay Plaintiff (1) 40% of Defendant's net profits until Plaintiff recaptured its initial investment ($300,000), plus 8% interest, and (2) 30% of Defendant's net profits for the term of the Settlement Agreement after Defendant had received $3 million in net profits.

3.6     Also upon the commencement of commercial production, Defendant agreed to provide Plaintiff with an audited statement of operations and to permit inspection of Defendant's accounts and records.

3.7     The "commencement of commercial production" is defined in the Settlement Agreement as "the date when the Commissioner of Natural Resources for the State of Alaska certifies to the Commissioner of Revenue for the State of Alaska that production has commenced[.]"

3.8     On July 27, 2010, the Commissioner of Natural Resources for the State of Alaska certified to the Commissioner of Revenue through an Affidavit of Initial Production for Mining (the "Affidavit") that production from certain mines, including the Jualin mines, began on July 27, 2010.

3.9     Defendant has received payments from third parties to which Plaintiff is entitled to a percentage of the same.

3.10    Plaintiff has sent Defendant two demand letters seeking compliance with the terms of the Settlement Agreement, including payments and an accounting of Defendant's books and records to enable Plaintiff to determine the amounts owed under the Settlement Agreement. Defendant has refused to agree to the terms of the Settlement Agreement.

IV.    **CLAIMS FOR RELIEF**

**First Claim for Relief – Breach of Contract**

4.1.    Plaintiff repeats the allegations in paragraph 1.1 through 3.10, above, as if fully

AMENDED COMPLAINT FOR DAMAGES
B/T Enterprises v. Hyak Mining Corporation and E. Neil Mackinnon
- 3

PDX/122737/178261/MRE/7753641.1

set forth herein.

4.2. Defendant failed to make payments to Plaintiff pursuant to the terms of the Settlement Agreement and, therefore, breached the Settlement Agreement.

4.3. Defendant failed to provide Plaintiff an audited statement of its operations and to permit inspection of its books and records and, therefore, breached the Settlement Agreement.

4.4. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

A. For an audited statement from Defendant identifying the proceeds received and disbursed that relate to the mining claims.

B. For an order and judgment declaring Defendant to be in breach of the Settlement Agreement and to award Plaintiff damages proximately caused by such breach.

C. For Plaintiff's costs, attorney fees, prejudgment interest, and post-judgment interest, as allowed by the agreement between the parties and at law and equity.

D. For such other and further relief as the Court may deem just and appropriate under the circumstances.

Dated: July 5, 2011

                SCHWABE, WILLIAMSON & WYATT, P.C.

                By:   /s/ Myles Conway
                      Myles A. Conway, AKB #9211073
                      mconway@schwabe.com
                      Matthew Turetsky, *pro hac vice*
                      mturetsky@schwabe.com
                      Milton A. Reimers, *pro hac vice*
                      mreimers@schwabe.com
                      360 SW Bond Street, Ste. 400
                      Bend, OR 97702
                      Telephone: (541) 749-4044
                      Facsimile: (541) 330-1153

                      *Attorneys for Plaintiff*
                      *B/T Enterprises*

AMENDED COMPLAINT FOR DAMAGES
B/T Enterprises v. Hyak Mining Corporation and E. Neil Mackinnon
 - 5